IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-673-D

IRIS BROWN,                                  )
                                             )
                  Plaintiff,                 )
                                             )
         v.                                  )           **ORDER**
                                             )
NORTH CAROLINA DEPARTMENT OF                 )
ADULT CORRECTION, et al.,                    )
                                             )
                  Defendants.                )

On November 20, 2023, Iris Brown ("Brown" or "plaintiff") filed this action against the North Carolina Department of Adult Correction ("DAC") and the North Carolina Department of Public Safety ("DPS") (collectively, "defendants") alleging (1) discrimination in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., (2) failure to accommodate in violation of the ADA, and (3) retaliation in violation of the ADA [D.E. 1]. On February 9, 2024, defendants moved to dismiss Brown's complaint for failure to state a claim [D.E. 8] and filed a memorandum in support [D.E. 9]. See Fed. R. Civ. P. 12(b)(6). On March 1, 2024, Brown responded in opposition [D.E. 10]. As explained below, the court grants in part and denies in part defendants' motion to dismiss. Brown's ADA retaliation claim survives.

I.

On April 1, 1996, DPS hired Brown to work at its New Hanover Correctional Facility. See Compl. [D.E. 1] ¶¶ 5, 11. On May 14, 2018, DPS terminated Brown's employment. See id. at ¶ 11.

On August 1, 2018, Brown filed a contested case petition concerning DPS's termination. See id. at ¶ 13. On May 26, 2021, an administrative law judge reversed DPS's decision and ordered DPS to reinstate Brown, provide Brown backpay and benefits, and provide Brown with reasonable accommodations for her disability. See id. at ¶ 14.

DPS reinstated Brown but refused to provide her with reasonable accommodations, backpay, or benefits. See id. at ¶ 15. On October 18, 2021, DPS sent Brown a letter terminating her employment effective July 26, 2021. See id.

On November 17, 2021, Brown filed a new EEOC charge alleging that defendants violated the ADA. See id. at ¶¶ 12, 16. On August 23, 2023, the Equal Employment Opportunity Commission ("EEOC") issued Brown a right to sue notice. See id. at ¶ 10; [D.E. 1-1]. On November 20, 2023, Brown filed this action.

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions,

2

"unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [her] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context specific task that requires the reviewing court to draw on judicial experience and common sense." Iqbal, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not suffice. Id.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d, 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." Id. (quotation omitted); see Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

A.

Brown alleges ADA disparate-treatment and failure-to-accommodate claims against defendants. See Compl. ¶¶ 20–30; [D.E. 10] 1–2. Even though a plaintiff need not plead a prima

3

facie case to survive a motion to dismiss,[1] <u>Swierkiewicz</u> "left untouched the burden of a plaintiff to allege facts sufficient to state all the elements of her claim." <u>Jordan v. Alt. Res. Corp.</u>, 458 F.3d 332, 346 (4th Cir. 2006) (cleaned up), <u>overruled on other grounds by Boyer-Liberto v. Fontainebleau Corp.</u>, 786 F.3d 264 (4th Cir. 2015) (en banc); <u>see McCleary-Evans v. Md. Dep't of Transp.</u>, 780 F.3d 582, 585 (4th Cir. 2015). In order to state a discrimination claim under Title I of the ADA, Brown must plausibly allege that defendants discriminated against her based on her disability in violation of the ADA.

A plaintiff armed with nothing more than a "formulaic recitation of the elements of a cause of action" cannot proceed. <u>Iqbal</u>, 556 U.S. at 678 (quotation omitted); <u>see Twombly</u>, 550 U.S. at 555 & n.3; <u>Vitol, S.A. v. Primerose Shipping Co.</u>, 708 F.3d 527, 543 (4th Cir. 2013); <u>Francis v. Giacomelli</u>, 588 F.3d 186, 193 (4th Cir. 2009); <u>Lopez v. Ham Farms, LLC</u>, No. 5:17-CV-329, 2019 WL 237386, at *2 (E.D.N.C. Jan. 15, 2019) (unpublished); <u>Webster v. Town of Warsaw</u>, 66 F. Supp. 3d 706, 708 (E.D.N.C. 2014). Brown does not plausibly allege what her alleged disability is or what her requested accommodations were. <u>See</u> Compl. ¶¶ 24–30. Accordingly, Brown's ADA disparate-treatment and failure-to-accommodate claims fail. <u>See, e.g., Iqbal</u>, 556 U.S. at 678; <u>Twombly</u>, 550 U.S. at 555 & n.3; <u>Manning v. N.C. State Univ.</u>, No. 5:23-CV-331, 2024 WL 1183066, at *6–9 (E.D.N.C. Mar. 19, 2024) (unpublished); <u>Allen v. City of Raleigh</u>, 140 F. Supp. 3d 470, 481–90 (E.D.N.C. 2015).

B.

Brown alleges retaliation in violation of Title I of the ADA. <u>See</u> Compl. ¶¶ 15–22, 29. The ADA's retaliation provision makes it unlawful to "discriminate against any individual because such individual" engaged in protected activity under the ADA. 42 U.S.C. § 12203(a); <u>see Reynolds v.</u>

---

[1] <u>See Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 510–15 (2002).

4

Am. Nat'l Red Cross, 701 F.3d 143, 154 (4th Cir. 2012). To state a retaliation claim under Title I of the ADA, a plaintiff must plausibly allege that "(1) [she] engaged in protected conduct, (2) [she] suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." Reynolds, 701 F.3d at 154; see Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 67–70 (2006); A Soc'y Without A Name v. Virginia, 655 F.3d 342, 350 (4th Cir. 2011); Ollis v. Hawkins, No. 5:18-CT-3276, 2020 WL 618835, at *2 (E.D.N.C. Feb. 10, 2020) (unpublished). "[T]emporal proximity suggests a correlation between an employee's protected action and [her] employer's adverse reaction." Kelly v. Town of Abingdon, 90 F.4th 158, 170 (4th Cir. 2024); see Holloway v. Maryland, 32 F.4th 293, 300 (4th Cir. 2022). A plaintiff need not plausibly allege that she has a disability to state an ADA retaliation claim. See, e.g., Israelitt v. Enter. Servs. LLC, 78 F.4th 647, 653 (4th Cir. 2023); Jacobs v. N.C. Admin. Off. of the Cts., 780 F.3d 562, 577 (4th Cir. 2015); Rhoads v. F.D.I.C., 257 F.3d 373, 391 (4th Cir. 2001).

Brown alleges that she engaged in protected conduct on August 1, 2018, by filing a contested case petition and litigating an ADA case concerning DPS's termination. See Compl. ¶ 16. On May 26, 2021, an administrative law judge ordered DPS to reinstate Brown, to provide her backpay and benefits, and to provide her reasonable accommodations. See id. at ¶ 14. Brown alleges that DPS reinstated her but refused to provide her backpay, benefits, or reasonable accommodations. See id. at ¶¶ 15, 17–20, 22. Instead, on October 18, 2021, DPS terminated her employment, with an effective termination date of July 26, 2021 (two months after the administrative law judge entered judgment). See id. at ¶¶ 15, 17, 20–21. Brown's ADA retaliation claim ekes across the plausibility line. Thus, the court declines to dismiss Brown's ADA retaliation claim.

## III.

In sum, the court GRANTS IN PART and DENIES IN PART defendants' motion to dismiss [D.E. 8]. Plaintiff's ADA retaliation claim survives. The court DISMISSES plaintiff's ADA disparate-treatment and failure-to-accommodate claims.

SO ORDERED. This 4 day of April, 2024.

JAMES C. DEVER III
United States District Judge